IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| DOUGLAS RUBINS, | § | |
| --- | --- | --- |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| POLICE OFFICER CHARLES TISDALE, et al., | § | 2:12-CV-118-J |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT McBRIDE'S RULE 12(b) MOTION TO DISMISS**

Before the Court is Defendant Janell McBride's Rule 12(b)(5) motion, filed September 11, 2012, to dismiss this case because Plaintiff Douglas Rubins has failed to timely perfect personal service of process upon her. Plaintiff Rubins has not filed a response to this motion, and the time to do so has expired. For the following reasons, Defendant McBride's motion is granted.

Plaintiff Rubins sues Defendant Janell McBride alleging violations of Rubins' Fourth and Fourteenth Amendment rights, for which he seeks relief pursuant to 42 U.S.C. §1983. Essentially, Plaintiff alleges he was the victim of a conspiracy to secure his malicious prosecution and arrest in satisfaction of a vendetta by Amarillo Police Department Colonel Ferguson, all in the absence of probable cause. Plaintiff Rubins alleges that Defendant McBride, in a reckless disregard for the truth-finding process, maliciously instituted criminal prosecution against him because of her invidious animus against any candidate that was recommended by law enforcement, as evidenced by her failure to make law enforcement seek a summons instead of a warrant for the arrest of Plaintiff Rubins. Plaintiff also includes a claim for declaratory judgment.

Defendant McBride moves for dismissal because of the Plaintiff's failure to secure proper service of process upon her. When service of process is challenged, the serving party bears the

burden of proving its validity or to show good cause for failure to timely effect proper service. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). A plaintiff must comply with the service requirements of the federal rules. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985). Rule 4 of the Federal Rules of Civil Procedure is the applicable rule.

Federal Rule of Civil Procedure 4(e) requires service upon each defendant by delivering a copy of the summons and the complaint to the individually personally, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Plaintiff's proof of service upon Defendant McBride (Document #11) shows that Plaintiff's purported service upon her was not accomplished in compliance with Rule 4(e). That proof of service states that service was not made upon Defendant McBride personally, but upon the receptionist located on the third floor of the Santa Fe Building located at S. Polk in Amarillo, Texas. A receptionist is not a person authorized by law to receive service of process. Further, Plaintiff has not shown that the receptionist in question was an agent authorized by appointment to receive service of process for Defendant Janell McBride.

For these reasons, all of Plaintiff Douglas Rubins' claims asserted in this case against Defendant Janell McBride are hereby dismissed without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to perfect service of process.

It is SO ORDERED.

Signed this the _____15th_____ day of October, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE