IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS RUBINS, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| POLICE OFFICER CHARLES TISDALE, | § | 2:12-CV-118-J |
| et al., | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' RULE 12(b) MOTION TO DISMISS

Before the Court is Defendants Amarillo Police Department Colonel Kenneth Ferguson and Sargent Charles Tisdale's Rule 12(b)(5) motion, filed September 12, 2012, to dismiss claims asserted against them in this case because Plaintiff Douglas Rubins has failed to timely perfect personal service of process upon them. Plaintiff Rubins has not filed a response to this motion, and the time to do so has expired. For the following reasons, Defendants' motion is granted.

Plaintiff Rubins sues Defendants Ferguson and Tisdale alleging violations of Rubins' Fourth and Fourteenth Amendment rights, for which he seeks relief pursuant to 42 U.S.C. §1983. Essentially, Plaintiff alleges he was the victim of a conspiracy to secure his malicious prosecution and arrest in satisfaction of a vendetta by Amarillo Police Department Colonel Ferguson, all in the absence of probable cause. Plaintiff Rubins alleges that Defendant Ferguson, in a conspiracy with others, maliciously instituted the arrest and criminal prosecution of the Plaintiff.

Both Defendants move for dismissal because of the Plaintiff's failure to secure proper service of process upon them. When service of process is challenged, the serving party bears the burden of proving its validity or to show good cause for failure to timely effect proper service. *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344 (5th Cir. 1992); *Winters v. Teledyne Movible Offshore,*

*Inc.,* 776 F.2d 1304, 1305 (5th Cir. 1985). A plaintiff must comply with the service requirements of the federal rules. *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985). Rule 4 of the Federal Rules of Civil Procedure is the applicable rule. A litigant's *pro se* status does not excuse him from compliance with the federal rules of procedure. *United State v. Jenkins,* 780 F.2d 518, 520 (5th Cir. 1986).

Federal Rule of Civil Procedure 4(e) requires service upon each defendant by delivering a copy of the summons and the complaint to the individually personally, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Plaintiff's proofs of service upon both Defendants (Documents #7 and 8) show that Plaintiff's purported service upon each of them was not accomplished in compliance with Rule 4(e). Those proofs of service show that service was not made upon either Defendant Ferguson or Tisdale personally. Defendants assert that service was made upon a typist employed by the Amarillo Police Department. A police department typist is not a person authorized by law to receive service of process. Further, Plaintiff has not shown that the person in question was an agent authorized by appointment to receive service of process for either Defendant Ferguson or Defendant Tisdale.

For these reasons, all of Plaintiff Douglas Rubins' claims asserted in this case against Defendants Kenneth Ferguson and Charles Tisdale are hereby dismissed without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to perfect service of process.

It is SO ORDERED.

Signed this the _____15ᵗ_____ day of October, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE