IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS RUBINS, | § § | |
| PLAINTIFF, | § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| POLICE OFFICER CHARLES TISDALE, *et al.*, | § § § | 2:12-CV-118-J |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CARLILE'S RULE 12(b)(6) MOTION TO DISMISS

Before the Court is Defendant Chuck Carlile's Rule 12(b)(6) motion, filed September 18, 2012, to dismiss the claims asserted against him in this case because Plaintiff Douglas Rubins has failed to state a claim upon which relief may be granted. Plaintiff Rubins has not filed a response to this motion, and the time to do so has expired. For the following reasons, the Defendant's motion is granted.

### *Background Facts*

Plaintiff Rubins sues Carlile, a Texas Department of Public Safety Trooper, based upon alleged violations of Rubins' Fourth and Fourteenth Amendment rights, for which he seeks relief in this court pursuant to 42 U.S.C. §1983. Essentially, Plaintiff alleges he was the victim of a conspiracy to secure without probably cause his arrest and subsequent prosecution in satisfaction of a vendetta by Amarillo Police Department Colonel Kenneth Ferguson. Plaintiff alleges that Trooper Carlile, in conspiracy with others, maliciously arrested the Plaintiff pursuant to an outstanding arrest warrant, after a DPS database check by Carlile revealed a then-active arrest warrant for Rubins.

Plaintiff does not dispute that there was an outstanding warrant for his arrest, the knowledge of which Defendant Carlile relied upon in effecting the arrest. Plaintiff reproduced the text of the warrant within the body of his complaint. Plaintiff does not allege that Defendant Carlile acted contrary to or inconsistently with the arrest warrant. Plaintiff bases his claims against Defendant Carlile on two grounds: 1) that Carlile arrested the Plaintiff relying on electronic information, or an "invisible" warrant, rather than an "actual" warrant; and 2) that Carlile should have recognized that the arrest warrant was somehow contrary to Texas law, and should have independently elected to not enforce it. Defendant moves for dismissal because of the Plaintiff's failure to state a viable claim.

### *Dismissal Standards*

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008)(citing *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001)). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007)(quoting *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal,* 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be

supported by factual allegations."). *Accord In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 210 (5th Cir. 2010)(Rule 12(b)(6) dismissal standards).

### *Discussion and Analysis*

The constitutional reasonableness of reliance by law enforcement officers on electronic means of communication (i.e., a computerized warrants database) as sufficient to establish probable cause for an arrest is settled law. *See Herring v. United States,* 555 U.S. 135, 146, 129 S.Ct. 695, 703-04, 172 L.ed.2d 496 (2009)(Only "if the police have been shown to be reckless in maintaining a warrant system, or to have knowingly made false entries to lay the groundwork for future false arrests ... should such misconduct cause a Fourth Amendment violation."); *Arizona v. Evans,* 514 U.S. 1, 15-16 (1995)(No constitutional violation where court employees were responsible for an erroneous computer record (a recalled warrant not deleted from the active database), a type of negligent error that occurred once every three or four years, where there was no indication that the arresting officer was not acting objectively reasonably when he relied upon the police computer record.); *United States v. Smith,* 354 Fed. Appx. 99, 102 (5th Cir. 2009) (Police officers acted in good faith in arresting defendant pursuant to bench warrant issued for defendant's arrest, where officers searched computer database to determine whether an active warrant existed and that database showed an active warrant did exist, and where one officer later telephoned police in the city from which warrant was issued to request a copy of the database printout to confirm an active warrant existed for use as evidence at evidentiary hearing on motion to suppress evidence.).

Plaintiff does not cite authority for his proposition that the Fourth Amendment requires the actual warrant to be in a law enforcement officer's hand before an arrest may take place. Texas law explicitly authorizes arrest with only knowledge, rather than actual possession, of an arrest warrant.

3

*See* Tex. Code Crim. Pro. article 15.26 ("The officer need not have the warrant in his possession at the time of the arrest . . . .").

Plaintiff Rubins alleges that Texas law distinguishes between felony and misdemeanor offenses when it comes to bringing the accused to court. Plaintiff therefore asserts that he should have been served with a citation or a court summons, instead of a warrant being issued for his arrest.

The requirements for an arrest warrant are laid out in Texas Code of Criminal Procedure article 15.02. Subsection 2 of that article requires that the person sought be accused of "some offense against the laws of the State." The plain language of the arrest statute provides no distinction between felony and misdemeanor offenses./[1] It allows an arrest warrant to be issued for either class of offense.

Tex. Code Crim. Pro. article 15.03(a) and (b) expressly authorizes a Texas magistrate to issue a summons in lieu of a warrant, or a warrant instead of a summons. There is no statutory mandate to issue only a summons or, put another way, to *not* issue a warrant for arrest, based upon the class of the charged offense. Either the warrant or a summons may be issued upon a showing under oath that a person "has committed some offense against the laws of the State." *Id.* at (a)(2).

---

[1] Texas Code of Criminal Procedure, Article 15.02, entitled **"Requisites of warrant"**:

"It issues in the name of 'The State of Texas', and shall be sufficient, without regard to form, if it have these substantial requisites:
   1. It must specify the name of the person whose arrest is ordered, if it be known, if unknown, then some reasonably definite description must be given of him.
   2. It must state that the person is accused of some offense against the laws of the State, naming the offense.
   3. It must be signed by the magistrate, and his office be named in the body of the warrant, or in connection with his signature."

Acts of 1965, 59th Leg., vol. 2, p. 317, ch. 722, effective January 1, 1966 (Vernon's Texas Statutes and Codes Annotated).

The facts as pled by the Plaintiff demonstrate that Defendant Carlile lawfully arrested the Plaintiff in obedience to a facially valid arrest warrant. No violation of the Fourth Amendment has been stated or shown. Further, it is undisputed that Plaintiff appeared before a judicial officer in Bosque County after his arrest, and was there afforded a post-arrest probable cause determination by an independent judicial intermediary.

If facts supporting an arrest are placed before an independent intermediary such as a neutral magistrate, the intermediary's decision breaks the chain of causation for arrest, insulating the arresting party.  *Wheeler v. Cosden Oil and Chemical Co.,* 744 F.2d 1131, 1132 (5th Cir. 1984); *Thomas v. Sams,* 734 F.2d 185, 191 (5th Cir. 1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982); *Rodriguez v. Ritchey,* 556 F.2d 1185, 1193 (5th Cir. 1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). Regardless of any allegation of malicious intent, the officer is freed from liability by the probable cause determination, unless he withheld information relevant to the probable cause determination from the judicial intermediary. *Hand v. Gary,* 838 F.2d 1420, 1427-28 (5th Cir. 1988)("An independent intermediary breaks the chain of causation unless it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendants.").

There is no assertion in the pleadings in this case that Rubins' Bosque County probable cause determination was made in the absence of relevant information, or was somehow tainted by the actions of DPS Trooper Carlile. Therefore Defendant Carlile may not be held liable for the arrest at issue in this case. The independent Bosque County judicial determination of probable cause for Plaintiff to be detained pursuant to the valid warrant issued for his arrest not only broke the chain

of causation for Plaintiff's alleged damages arising after Carlile's arrest, but freed Defendant Carlile from liability for the arrest itself.

## Conclusions

For each of the reasons stated above, Plaintiff Douglas Rubins' claims asserted in this case against Defendant Chuck Carlile are hereby dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

It is SO ORDERED.

Signed this the \_\_\_17th\_\_\_ day of October, 2012.

MARY LOU ROBINSON  
UNITED STATES DISTRICT JUDGE